Allen, J.
This is an application to a Court of chancery for relief in the nature of a new trial against a judgment at law. The appellant was special hail of W. W. Wolfenbarger, against whom the appellees had instituted an action of debt in the Circuit court of Bath county. A writ of ca. sa. being returned non est inventus, a scire facias was sued out against the appellant on his recognizance. The bill alleges that as soon as the appellant was apprised by the service of the scire facias, that proceedings were instituted to subject him to the payment of the debt, he, by the advice of his counsel, obtained a bail piece, arrested his principal, surrendered him to the jailor of Bath county, and took his receipt for his body. That the appellees did not reside in Bath county; but that on the day the surrender was made, notice of it was given to the attorney of the appellees, who was at *256 the same time notified by the debtor of his intention aPPty ^30 a justice of the peace for his discharge as insolvent debtor. That service of this notice was acknowledged by the attorney, and the debtor was discharged after taking the oath of insolvency. That being advised that his discharge was complete, and that judgment would be rendered against him at rules for the costs merely, he took no further steps for his defence; and that whilst he was absent from the county of Bath attending to his neeessary business in another county, a judgment was rendered against him. By an amended bill it is further averred that he was advised by his counsel that upon surrendering his principal he would be exonerated from all liability as bail, except for the costs of the scire facias, and that there was no necessity to defend the scire facias, as nothing more could be done than to enter a judgment against him for the costs. The appellees demurred and answered. They admit in their answer that they did not reside in Bath county, deny all personal knowledge of the matters of fact averred in the bill, except so far as disclosed by the record, and rely on their judgment. A copy of the record in the case against the bail is filed, from which it appears that there was no appearance for the defendant, and the office judgment was confirmed in court on the last day of the term. There is also filed a copy of a notice from the debtor to the attorney at law of the appellees of his intention to apply for a discharge under the insolvent law, of which, however, there is no direct proof of service; the endorsement on the back purporting to be an acknowledgment of service, not appearing to have been signed by the attorney. There is also a copy of a schedule signed by the debtor, and of a discharge by the justice, though it does not appear from either the schedule or discharge to what execution they relate. No depositions were *257 taken, and the case coming on to be beard by consent, the injunction was perpetuated with costs.
The numerous decisions of this court cited in the argument, to which may be added the case of Slack v. Wood, supra 40, decided during this term, have established the rule that a party having a good legal defence, shall not, after a judgment at law, bring the case into equity upon the legal matter, without alleging and proving a good excuse for not using it at law; and moreover, that a court of equity will not grant relief merely because injustice has been done. It is contended however in the bill, and has been insisted upon in the argument, that the circumstances of this case distinguish it from the cases to which the rule has been applied. That according to the terms of the act of assembly, 1 Rev. Code, § 54, page 502, by a surrender in court, or a surrender to the jailor, taking his receipt and giving notice to the creditor or his attorney, if he resides without the county, the bail is exonerated and discharged from his liability, and that as the matter operating such discharge is of record, the scire facias should have been dismissed, except for the costs thereof. The act referred to, provides that upon a surrender in court the bail shall be discharged, or that he may discharge himself by surrendering his principal to the jailor, taking a receipt and giving notice. But the question still recurs, how is this discharge to be made to appear ? If, as contended for in the bill, the scire facias should have been dismissed because the matter operating a discharge appeared of record, it must be on the ground that the court would be bound ex officio to take notice of all the record contained, and that the whole proceedings in the original cause constituted a part of the proceedings against the bail. If this were so, and the record disclosed the matter operating a discharge, then it would have been error to *258 have rendered the judgment on the scire facias, and the proper course would have been to reverse it for ■ this error appearing upon the record. But I do not suppose that even in case of a surrender in court, where every fact necessary to produce a discharge of . the bail appears upon the record and proceedings of the original suit, the bail would be relieved from the necessity of showing it, when proceeded against by scire facias. It is not the duty of the court, unless the matter is brought to its notice by the defence, to look to the record to ascertain whether the bail has been discharged or not. And where, as in the present case, the surrender was not in open court, the record, even if examined, could furnish no such evidence. The surrender, receipt and notice were all acts in pais, of which the court could have no knowledge, until shown to it by the defendant. When duly established, the facts would show the bail was discharged, and so proof that a debt was duly paid would show that a plaintiff seeking to recover it, was not entitled to' a judgment. Bat in either case the matters operating a discharge constitute a purely legal defence; and it is the duty of the party to avail himself of it at law. There is nothing in the terms of the act of assembly to distinguish the case of bail from that of any other defendant proceeded against .at law, who, having a good legal defence, has neglected to make it. In this case, there is no excuse alleged except that he was advised that it was unnecessary to make any defence. With this the appellees have nothing to do. If without fraud on their part they have got a legal advantage, they cannot be deprived of it because the other side has acted upon an erroneous impression of his own, or the mistaken advice of his counsel; but as no proof is adduced that such advice was ever given, it is most probable that the allegation was made through mistake. The case is one of great hardship on the bail, *259 but tbe books are full of such cases, and relief cannot be given without upturning a long series of decisions, and deciding that no degree of laches in himself at law shall preclude a party from resorting to equity for relief.
I think the decree should be reversed with costs, the injunction dissolved and bill dismissed with costs.
The other judges concurred.
Decree reversed with costs; and this court proceeding to render such decree as the court below should have rendered, the injunction dissolved, and the bill dismissed with costs.